We will take the cases in order except that after United States v. Hernandez we will hear safe air for everyone v. Meyer. The first matter United States v. Pedroza has been submitted on the briefs and we will take up United States v. Hernandez. May it please the Court. Opposing counsel. My name is Robin Hammond and I am here on behalf of Pedro Hernandez today. We are here today because of yet another Apprendi violation. In this case what happened is Mr. Hernandez was sentenced. His sentence was overturned by this Court. He was resentenced. And at the resentencing hearing the defense had the opportunity to make objections for the record specific to the Apprendi violations that occurred in this Apprendi violation case in the sense that we are here today with the benefit of harmless air review. That being said, it's Mr. Hernandez's position that his Apprendi violation What's left of his Apprendi violations? I'm sorry, Your Honor. I don't quite understand what's left of his Apprendi violations. Well, the Apprendi violation that remains After our first opinion in the case. Yes, Your Honor. And the Apprendi violation that remains is the fact that the actual drug amount that was determined by the district court does not correlate with that which was found by the jury verdict. There's a different process, though. The judge was determining quantity for purposes of the guidelines, not for purposes of determining the statutory minimum. That's correct, Your Honor. Wasn't he sentenced within the statutory maximum? He was. Well, if he was, then there's no Apprendi issue at all. Well, he was sentenced within the statutory maximum if you look at the way that stacking was assigned here. But I thought that Apprendi – I realize you're trying to argue against the stacking rule that we set in Buckland. But putting that to the side, that for each count, he was sentenced within the statutory maximum. And so it seems that Apprendi has no application. Well, Your Honor, it's the defense position that Apprendi does have application here because the district court did not follow the jury findings. The jury findings merely found a trace amount of marijuana. The jury didn't – was not required to find a specific drug quantity. And so what that does is it brings the jury decision under the guise of Section 841-B1-D, which puts the maximum quantity on the jury finding per count at 49 grams. And it's our position that we can – that the court – But the jury's verdict will only support a maximum sentence of 5 years, and here it's 10 years because they had a prior offense. Correct, Your Honor. That's nothing to do with the amount. It's nothing to do with the amount? The jury didn't find a specific quantity.  So it found a detectable amount or a trace amount, as you just said. So as a result, the jury's verdict would only support the sentence under 841-B1-D, which is 5 years. Nobody disputes he has the prior, so it's doubled to 10 years. That's the maximum statutory sentence. And to calculate the guideline range for that set – for that statutory maximum sentence, you go to the guidelines and you look at the – the judge has to determine the quantity. I think here he determined it was 1,000 kilos, if I'm not mistaken. That's correct, Your Honor. And then you do the – you do the chart and the calculations, you come up with the quantity, and then the judge stacked them here. That's correct. But when the judge made that determination, when the judge found the 1,000 – the quantity being 1,000, it went – he went beyond what the jury had actually found. And the jury, although – I think that was okay in Buckland. Well – The en banc opinion in Buckland. Well, in Buckland, again, it's plain error review. Essentially, the difference here is – the difference here is twofold. First of all, we have a different – we have a different standard of review, being harmless error. And secondly, what happened is we can, in fact, pinpoint the jury verdict to a drug quantity by statute. The jury – the jury finding as to drug quantity by statute per count is a maximum of 49 grams. And so – Why is that? There was no – there was no specific finding. The jury wasn't given a special verdict form, was it? Well, no, it wasn't. But the jury found a trace – Did the indictment allege a specific quantity? The indictment did allege a specific quantity. Who did the indictment allege? The – excuse me? What did it allege? Well, I believe it alleged over 1,000. And I can't give you the exact amount. I apologize. I'd have to refer to the briefs and the record for that. But what the jury finding did, because it failed – because the jury was not – in  beyond a reasonable doubt. And so you take that and apply it to this 841b1d, which limits the jury finding within that range of trace amount to 49 grams. And then adopting Judge – Judge Hugg's proposal in his dissenting and concurring opinion in Buckland, but here having the benefit of harmless error review, I think this Court can say – We cannot follow former Chief Judge Hugg's dissenting opinion rather than the majority opinion. That's why they called it a dissent. And the majority opinion said there's no problem with the stacking analysis at all. And that's absolutely correct in this – in the plain error context in which Buckland was written. But here we have harmless error review. What difference does that make? Well, I think it makes a huge difference, because now the government is forced to show harmless error – that there was harmless error beyond a reasonable doubt. I don't think that transcends the – That assumes that there's a violation. Correct. And it's, of course, our position that there is a violation, because the jury did not ever make a – did not ever make an explicit drug quantity amount. But, you know, in Buckland, in Judge Trott's majority en banc opinion in Buckland, within that section where he's talking about stacking, he goes on to note that, first, in calculating sentences in drug quantity cases, two separate findings of drug quantity must be made. One under the relevant statute, and then another under the guidelines. Apprendi dictates that drug quantity under the statute must be found by the jury. But Apprendi does not alter the authority of the judge to sentence within the statutory range provided by Congress. And that's what happened here. It went on to resentencing. And my response would be two points. That's the majority opinion by an en banc court. Yes, Your Honor. And my response to that is twofold. Number one, Judge Trott's opinion was – that portion of Judge Trott's opinion was dicta. At that point, the Court had already made its decision. Just an alternative holding, though. Again, I'm sorry to interrupt you. But under our precedent, that is not a dicta if the Court says, in addition to this one ground, alternatively, we're holding on a second ground. And, Your Honor, that goes to my second point. The second point being, even assuming that this is binding authority, that we can look at the – look back to the statute as it applies to the sentencing. Again, we go back to this 841b1d and what the jury did find. The jury found, per count, guilt of this catch-all statute, which doesn't allow a jury quantity binding to be over 49 grams. I see that I have a minute and a half remaining. I'd ask that I can retain that for a moment. Thank you, Your Honor. Good morning. My name is Lori Sook, and I'm an assistant from Great Falls, Montana. Apprendi does not forbid the sentencing court from finding existence of sentencing factors, including drug quantity, by a preponderance of evidence. What it forbids is sentences above a statutory maximum. And in this case, Judge Shandstrom sentenced Mr. Hernandez by stacking, as set forth in the Buckland decision, and none of the counts of conviction, their statutory maximums were exceeded. In this case, the sentences were based on a drug quantity finding that was the same drug quantity finding that this Court affirmed sentences for with co-conspirators. 5G1.2d mandates that the Court, if there is a guideline calculation that requires the Court to look at stacking for total punishment purposes, to do so. And that's what Judge Shandstrom did in this case. He also supported his sentence by clear argument. Under the quantity determination here that Judge Shandstrom found, which is 1,000 kilos. And I think after you do all the calculations and whatnot, he ended up at a level 38 or 41. It was actually 38, although there was a mistake in the record at 39. But it was actually 38. Two points for having distributed in a prison facility and then four points for a manager leader to bring it up to the 38. And they grouped all the offenses together, if I'm not mistaken. So he ended up, I think, according to the transcript, the judge said that under the guidelines, because he was a queer offender, it was 360 to life. That's correct. And on any one count, it would have been maximum of 120 months. On the drug counts, and then 240 months on the money laundering counts for that particular case. So he had a, on the drug counts, he had a possible 360 under the guidelines to life. Yes. And he thought within the guidelines, he should hit the middle range. So then he stacked to get there. Well, I think that's what I understand what he did. I think he wanted to hit life, Your Honor, and I think that's what he did by stacking. I don't think he was trying to hit the middle of the range. I think he was hitting life. Hitting life. And he did so by, he could have done a number of calculations to get there, but that's how he got there. And I think support In this context, I think stacking was probably permissible. Exactly. And I think as well, he supported his decision by sound reasons, acknowledging that the guideline range exceeded 24 months. He set forth the reasons for his sentence. I really have nothing more to say on the issue unless there are questions from the panel. I just have one question. Yes, Your Honor. It arises from the opposing counsel's argument. In fact, the jury instructions did repeat the counts which had drug amounts charged in them, didn't they? They did, yes. But the verdict form, which I don't have in front of me, came back with no amount? That's correct. In fact, in accordance with how the cases were being done, the jury was actually instructed you don't have to find amounts, just the detectable or measurable amount of marijuana. Right. That's all I have. Okay. All right. Thank you, counsel. Thank you. And just to conclude and summarize, Your Honors, I realize this is a novel argument. This is also a novel position that the defense stands in. We have harmless error review, and we have a new way of being able to examine this as proposed by the defense. Essentially, what we're asking is that this Court be constrained, excuse me, is that the district court drug quantity findings be constrained by the limits of what the jury actually found. The jury actually found that which had Mr. Hernandez' drug quantity fall within this 841B1D catch-all quantity. 49. 49 is the maximum that can be found under that provision. We ask that the judge, when he makes the sentencing guideline calculation, to be constrained by what the jury found on the offense? As to drug quantity. Yes, Your Honor. As to drug quantity. Isn't there a different standard, like that the, on the first one, the jury has to find it beyond a reasonable doubt, but when the judge makes his sentencing guideline calculation, it's preponderance of the evidence? Well, that's correct, Your Honor. But one thing that did come out of Buckland is that the jury any, is that drug quantity is, in fact, an element of the offense that has to be found beyond a reasonable doubt. When that's translated to the sentencing guideline calculation, it's our position that the district court is constrained by that finding. All right. Thank you very much, counsel. Thank you, Your Honor. And the case of United States v. Hernandez is submitted. United States v. Ameline has been submitted on the brief. And we will turn to State Fair for Everyone v. Wayne Meyer et al. Thank you. Thank you. Thank you.
judges: Wardlaw, Noonan, Paez